UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **05-61587**

CIV-COHN

MAGISTRATE JUDGE SNOW

PAUL S. LABINER, Individually and as
Trustee and Representative of the RUTH
LABINER IRREVOCABLE TRUST,

Plaintiff,

v.

ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA, a Minnesota
corporation,

Defendant.

_____

### DEFENDANT'S ANSWER AND DEFENSES

Defendant, Allianz Life Insurance Company of North America ("Allianz Life"), for its answer to Plaintiffs' Complaint:

#### JURISDICTIONAL STATEMENT

1. Admits that Plaintiff seeks damages in excess of $75,000.00, but except as so admitted, denies the allegations in paragraph 1.

#### IDENTIFICATION OF PARTIES

2. Admits that Plaintiff, the trustee and representative of the Ruth Labiner (the "Decedent") Irrevocable Trust (the "Trust"), is an adult citizen of the state of Florida, but except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits that Allianz Life, a Minnesota insurance company with its principal place of business in Minneapolis, Minnesota, is authorized to conduct and is conducting business in the state of Florida, including issuing and delivering life insurance policies in Broward County, but except as so admitted, denies the allegations in paragraph 3.

4. Admits that: (a) Allianz Life, a Minnesota insurance company with its principal place of business in Minneapolis, Minnesota, is authorized to conduct and is conducting business in the state of Florida, including issuing and delivering life insurance policies in Broward County; (b) Allianz Life issued Flexible Premium life Insurance Policy no. 60000582 (the "Policy") and delivered it to the Decedent in Florida; and (c) at the time the Policy issued, the Decedent was an adult and resident of Sunrise, Florida, but except as so admitted, denies the allegations in paragraph 4.

5. Admits that the Trust was the designated beneficiary and owner of the Policy, and that Plaintiff was the Trustee of the Trust, but except as so admitted, denies the allegations in paragraph 5.

## FACTS COMMON TO ALL COURTS

6. Admits the allegations in paragraph 6.

7. Admits the allegations in paragraph 7.

8. Admits that the death benefit under the Policy, which speaks for itself and an incomplete copy of which purports to be attached as Exhibit A, was $350,317.00, and that Allianz Life received payment of the Policy's one-time lump sum premium of $100,000.00, but except as so admitted, denies the allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Admits that Plaintiff's secretary spoke to a representative at Allianz Life about the Trust's taking a loan out against the Policy's $350,317.00 death benefit, but except as so admitted, denies the allegations in paragraph 10.

11. Admits that Allianz Life authorized the Trust to take out a loan of up to $80,000.00 against the Policy's $350,317.00 death benefit, and that the Policy and Exhibits B and C to the Complaint speak for themselves, but except as so admitted, denies the allegations in paragraph 11.

12. Admits that Exhibit B speaks for itself, but except as so admitted, denies the allegations in paragraph 12.

13. Admits that Exhibit C speaks for itself, but except as so admitted, denies the allegations in paragraph 13.

14. Admits that, on or about May 11, 2004, the Trust took out a $76,310.96 loan against the Policy's death benefit (the "Loan"), but except as so admitted, denies the allegations in paragraph 14.

15. Admits that, subsequent to the Decedent's death on June 9, 2004, the Trust submitted a claim for the Policy's death benefit (the "Claim"), but except as so admitted, denies the allegations in paragraph 15.

16. Admits that Allianz Life, pursuant to the Claim, tendered the Policy's death benefit minus the Loan, including interest on the Loan, to the Trust, but except as so admitted, denies the allegations in paragraph 16.

17. Admits that Plaintiff disputes that the Trust took out a loan against the Policy's death benefit, but except as so admitted, denies information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17.

3

18. Admits that Plaintiff disputes that the Trust took out a loan against the Policy's death benefit, but except as so admitted, denies the allegations in paragraph 18.

## COUNT I (PROMISSORY ESTOPPEL)

19. Allianz Life incorporates in Count I its answers to paragraphs 1 through 18 of Plaintiffs' Complaint.

20. Admits that paragraph 20 contains conclusions of law to which no response is required. To the extent a response is required, Allianz Life admits that Florida law and the Policy speak for themselves, but except as so admitted, denies the allegations in paragraph 20.

21. Admits that Exhibit C speaks for itself, but except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Admits that Allianz Life, pursuant to Plaintiff's request, issued the Loan to the Trust, but except as so admitted, denies the allegations in paragraph 22.

23. Admits that Exhibit B speaks for itself, but except as so admitted, denies the allegations in paragraph 23.

24. Defendant Allianz Life is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, on that basis, denies the same.

25. Denies the allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

## COUNT II (BREACH OF CONTRACT)

28. Allianz Life incorporates in Count II its answers to paragraphs 1 through 27 of Plaintiffs' Complaint.

29. Admits that Allianz Life received payment of the one-time lump sum premium of $100,000.00 for the Policy, which speaks for itself and has a $350,317.00 death benefit, but except as so admitted, denies the allegations in paragraph 29.

30. Denies the allegations in paragraph 30.

31. Admits that Allianz Life, pursuant to the Claim and the Policy, which speaks for itself, tendered the Policy's death benefit minus the Loan, including interest on the Loan, to the Trust, but except as so admitted, denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted in that they are not entitled to additional benefits under the Policy.

### SECOND DEFENSE

Plaintiffs have not satisfied all conditions precedent to their receipt of additional benefits under the Policy in that the Loan was not repaid before the Claim was submitted.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of accord and satisfaction, waiver, estoppel and/or laches.

### FOURTH DEFENSE

Allianz Life discharged its duties in accordance with the documents and instruments governing the Policy and Florida law.

### FIFTH DEFENSE

To the extent that Plaintiffs seek relief outside the terms of the Policy, their claims are barred by the economic loss rule.

## RELIEF REQUESTED

Allianz Life asks that: (i) the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in Allianz Life's favor; and (ii) the Court order such relief as is appropriate under the circumstances of this case.

Dated: September 28, 2005

> ADORNO & YOSS LLP
> Attorneys for Defendant
> 700 S. Federal Highway, Ste. 200
> Boca Raton, FL 33432
> (561) 393-5660
> (561) 338-8698 (facsimile)
>
> By: _____
> JAY S. BLUMENKOPF
> Fla. Bar No. 0835870
> JOELLE C. SHARMAN
> Fla. Bar No. 0045070

## CERTIFICATE OF SERVICE

I certify that on September 28, 2005 a copy of the within document was served by U.S. mail on:

> Paul S. Labiner, Esq.
> Suite K
> 5499 N. Federal Highway
> Boca Raton, FL 33487

_____
JAY S. BLUMENKOPF

6